COMMONWEALTH vs. ROBERT STEVENS. March 15, 1972. Stevens was acquitted on a charge of receiving stolen property but found guilty of unlawfully carrying a pistol (G. L. c. 269, § 10, as amended through St. 1969, c. 799, §§ 14, 15, 16). The case is here under G. L. c. 278, §§ 33A–33G. The judge denied a motion to suppress a pistol found under the back seat of Stevens's automobile, when the vehicle was searched pursuant to a warrant issued after Stevens's arrest. The affidavit submitted by a police officer as basis for the search warrant alleged only the following facts: Stevens had been seen about 6:30 A.M. on July 31, 1970, stopping his vehicle near a store at 406 Kempton Street, New Bedford. He stepped from his automobile, and permitted or assisted two men who came from the store to place rifles (number not indicated) in the vehicle's trunk. The affidavit did not specifically point out to the clerk who issued the search warrant any criminal aspect of these matters. There had been rioting in New Bedford in July, 1970 (of which we took judicial notice in *Matter of Pappas*, 358 Mass. 604, 607, cert. granted 402 U. S. 942). This background was not mentioned in the affidavit, although evidence about it was introduced at the hearing on the motion to suppress. Even taking into account matters of which the clerk could reasonably take judicial notice (e.g. the general location of riots and disorders then in progress in New Bedford) far less information was presented to him as a basis for issuing a search warrant than was included in the application considered in *Commonwealth* v. *Moran*, 353 Mass. 166, 168–169. The affidavit, in the opinion of a majority of the court, was too general and inconclusive to satisfy the statutory rule (G. L. c. 276, §§ 2A, 2B and 2C, each as amended), discussed in *Commonwealth* v. *Monosson*, 351 Mass. 327, 330, particularly in asserting facts having a tendency to show the described conduct to be criminal.

*Judgment reversed.*
*Verdict set aside.*

*John G. S. Flym* for the defendant.
*James M. Quinn*, Assistant District Attorney, for the Commonwealth.