**Wayne Travis CUNNINGHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46589.**

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

---

Jerry Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense or robbery by assault. Punishment was assessed by the court at thirty years.

■ The first ground of error attacks the sufficiency of the evidence.

The record reflects that Him Lim and his wife, Nancy Lim, owners and managers of a grocery store in Houston, were robbed at gunpoint by three men on July 21, 1971. They positively identified appellant and one Donald Wayne Williams as two of the robbers.

Lim testified that at approximately 1:00 P.M., on the day in question, three men wearing black hats entered his store. Two of the men, appellant and Williams, approached Lim and his wife while they were standing by their cash register. The third man went back to the meat counter. Appellant and Williams both had pistols. The pistol introduced into evidence was identified by the Lims as the one which, in their opinion, appellant had pointed at them. Appellant demanded money from the Lims and was given approximately $75.00 in cash. Then appellant made Mrs. Lim open another cash register in the store and give him the money contained therein. Appellant and his companions then fled in a car.

Officer J. R. Johansen, a Houston Police Officer, testified that on the afternoon of July 21, 1971, he was patrolling in the 2400 block of Rosewood. Officer Chrisman was also patrolling in another police car in front of Johansen's car at the time in question. Johansen stated that he assisted Chrisman in stopping a 1962 Oldsmobile after it had run a red light. The three passengers and the car matched a description that Johansen had received over his radio in regard to a robbery that had previously occurred that day. The passenger in the front seat made motions as though he was concealing something under the front seat. Johansen later discovered the pistol, heretofore mentioned, under the car seat. Appellant was a passenger in the back seat of the car at the time it was stopped. A further search of the vehicle was conducted and a sawed-off shotgun was recovered from the trunk.

Officer Chrisman testified to substantially the same facts as Johansen did. Chrisman stated that when he turned on his flashing light to stop the car, the car tried to evade him by turning a corner. He had to cut through a service station and pull in front of the car to get it stopped.

We conclude that the evidence is sufficient.

■■ Appellant contends by his second ground of error that his appearance at his examining trial in a prison uniform created such an atmosphere of guilt as to taint any in-court identifications. Appellant's counsel at his examining trial objected to the fact that appellant was dressed in jail clothing, which objection was overruled. Objection on this point was not made by appellant at his trial during the guilt-innocence stage. Hence, nothing is presented for review. See Hall v. State, 490 S.W.2d 589 (Tex.Cr.App.1973); Green v. State, 467 S.W.2d 481 (Tex.Cr.App.1971). However, we find appellant's appearance in jail clothing at his examining trial was not so impermissibly suggestive as to taint the

in-court identification. The two complaining witnesses made an in-court identification of appellant based upon their independent observations made at the time of the offense. At the trial, Mr. Lim testified that he was positive that appellant was one of the robbers, even though his identification of appellant at his examining trial was weaker. Mrs. Lim testified that she was positive of her identification of appellant as one of the robbers, both at the examining trial and the trial on the merits. She also testified that the fact that appellant had a jail uniform on at his examining trial did not in any way influence her identification because she "just remembered" his face.

We conclude that the in-court identification was not influenced by appellant's wearing jail clothing at his examining trial. See Dorsey v. State, 485 S.W.2d 569 (Tex.Cr.App.1972). The case at bar is not the same as Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), upon which appellant relies. *Foster* supra, dealt with a lineup which was dominated by suggestive identification elements.

The third ground of error complains of denial of the right to cross-examine a witness.

Appellant subpoenaed Roosevelt Granninhgam to testify. The trial court adjourned the trial at 3:00 P.M. on April the 4th until April the 5th so that the witness could be brought to the court from the Rehabilitation Center. On April 5th, appellant called Granningham to the stand.[1] The court informed Granningham that although he was not a co-defendant in the case, he was a passenger in the car and could refuse to testify on the grounds that his testimony may tend to incriminate him. It was made known to the court that Honorable Craig Washington, Granningham's attorney, was at that time appearing before

this Court in Austin. Granningham was then advised by the court that Honorable Moncie Rasmus, Washington's partner, was in the courtroom and that he could talk with him if he wanted to. Granningham then conferred with Mr. Rasmus, whereupon he stated to the court that he was pleading the Fifth Amendment and refusing to testify.

Appellant next called Mr. Rasmus to the stand. He testified that he had advised Granningham not to testify.

Granningham was again called to the stand. He advised the court that he wanted to confer with his own laywer, Mr. Washintgon, because he was more familiar with the facts of his case than Mr. Rasmus was. Appellant then made a motion for the court to adjourn until the next day so Mr. Washington could advise Granningham. The motion was overruled.

██ We fail to see how appellant was denied his constitutional right of cross-examination since it was appellant who called Granningham as a witness. It is an undisputed rule of law that a defendant has a right to call a co-defendant as a witness, see Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Overton v. State, 419 S.W.2d 371 (Tex.Cr.App. 1967). However, this right to call a co-defendant or witness does not preclude him from asserting his privilege against self-incrimination. Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972); Hall v. State, 475 S.W.2d 778 (Tex.Cr.App.1972). Inasmuch as appellant's right to compulsory process to obtain witnesses in his own behalf may be in issue, such right was not denied, because there was an asbence of diligence on appellant's part.[2] On February 14, 1972, appellant filed a motion for continuance, citing as one of his grounds that the witness Granningham was not

---

1. Granningham was the driver of the car appellant was in when arrested.

2. Furthermore, such issue was never raised at trial or in brief before this court.

present in the courtroom. The trial court denied his continuance but granted a postponement. As stated earlier, trial began on April 4, 1972. Thus, appellant had ample time to arrange for Granningham's attorney to consult with him prior to trial on whether he should testify.

The fourth and final ground of error is a contention that improper evidence was admitted. The sawed-off shotgun that was recovered from the trunk of the car was admitted over appellant's objection that a proper predicate had not been laid. Appellant contends that, since both complaining witnesses testified at the examining trial that no shotgun was ever exhibited during the course of the robbery, the presence of such weapon continuously before the jury would only inflame their minds and encourage juror speculation and conjecture as to its use in past robberies or events of ill good.

The shotgun in question was admitted, over objection, during the direct examination of Officer Johansen. The record shows that it was not used during the robbery and had no relevance to any issue in the case.

This Court stated in Hernandez v. State, 484 S.W.2d 754 (Tex.Cr.App.1972):

"This court has consistently held that the state is entitled to prove the circumstances surrounding the arrest. See Jones v. State, Tex.Cr.App., 471 S.W.2d 413, and cases cited therein. An exception to this rule is where the evidence is inherently prejudicial and has no relevance to any issue in the case.[2] A decision as to the admissibility of such evidence lies within the discretion of the trial judge, and this court will not reverse unless a clear abuse of discretion is shown. See generally, Lanham v. State, Tex.Cr.App., 474 S.W.2d 197."

In Footnote 2 of the above quote, we went on to state:

"A good example of how these rules should be applied can be found in the in-

stant case. The trial court sustained appellant's objections to testimony concerning the recovery of a stolen television during the search. Even though such testimony concerned facts surrounding the search and arrest of appellant, it did not relate to proving that he possessed the heroin in question and could only be used to prejudice consideration of whether appellant committed the crime charged. See Powell v. State, Tex.Cr. App., 478 S.W.2d 95."

■ Since the shotgun in question had no relevance to any issue in the case, the trial judge abused his discretion in admitting it into evidence. Therefore, we must consider whether this error was of such harm as to cause the rendition of an improper judgment.

■ The general rule is that a judgment will not be reversed for error in the admission of evidence that did not injure the defendant. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Section 444, p. 696. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

■ In the case at bar not only is the properly admitted evidence of guilt here overwhelming, but it also is in no way dependent upon the erroneously admitted shotgun. Cf. concurring opinion in Hensley v. State, Tex.Cr.App., 494 S.W.2d 816, 820.

From our reading of the record, we conclude that the minds of an average jury would not have found the state's case less persuasive had the shotgun in question not been admitted into evidence. Therefore, its admission into evidence was at most

harmless error.[3] See Harrington v. California, supra; Chapman v. California, supra.

Finding no reversible error, the judgment is affirmed.

ONION, P. J., concurs in the results.

---

3. In the case at bar, punishment was assessed by the trial judge. The state, during the punishment hearing, introduced a copy of a judgment and sentence wherein it was reflected that appellant had been found guilty on February 11, 1971, of the offense of robbery by firearms in Dallas County and placed on ten years probation. He was still on probation at the time of the offense here in question. Thus, we also conclude that the error in admitting the shotgun did not injure the appellant during the punishment phase of his trial.