**Ex parte Richard DURAN.**

**No. 60222.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 30, 1979.

Paul G. Johnson, Huntsville, for appellant.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ROBERTS, Judge.

On June 29, 1977, we reversed the applicant's conviction for possession of heroin. *Duran v. State*, 552 S.W.2d 840 (Tex.Cr.

App.1977). At the applicant's non-jury trial, it had been stipulated that the contents of an exhibit were heroin, and a chemist's laboratory report had been admitted by stipulation. The record had not contained the applicant's written waiver and consent to stipulation, approved by the court, as required by Article 1.15 of the Texas Code of Criminal Procedure. A majority of this Court held: "Since the State did not follow the requirements of Article 1.15, V.A.C.C.P., the stipulation may not be considered and the evidence is insufficient to support the convictions. [Sic; only one conviction was affected by the stipulations.]" 552 S.W.2d at 843.

On remand, the applicant was convicted again. By his post-conviction application for habeas corpus relief, the applicant now says that we should apply retroactively *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and relieve him from the conviction on the re-trial which followed our remand.[1] We already have held that *Burks* and *Greene* will be applied retroactively. *Ex parte Mixon,* 583 S.W.2d 378, (Tex.Cr.App.1979). But this is not the end of the matter, for *Burks* and *Greene* do not clearly require that the relief sought be granted. That we used the words "the evidence is insufficient to support the conviction" (552 S.W.2d at 843) in our earlier opinion, a year before *Burks* and *Greene* were decided, does not control the correct analysis of this case. The words are not a magic phrase which produces automatic results.

█ *Burks* held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, [and] the only 'just' remedy available for that court is the direction of a judgment of acquittal." 437 U.S. at 18, 98 S.Ct. at 2150. The Supreme Court was careful to distinguish reversals caused by trial error from those resulting from evidentiary insufficiency.

"In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e. g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." 437 U.S. at 15, 98 S.Ct. at 2149.

Therefore, reversal for trial error does not preclude another trial.

*Greene* held that the *Burks* standard applies to state criminal proceedings. "But the situation [in *Greene*] was confused by the fact that three of the four Justices [of the seven-member Supreme Court of Florida who voted to reverse Greene's first conviction] expressly qualified their action by 'specially concurring' in an opinion which discussed only trial error." 437 U.S. at 25, 98 S.Ct. at 2155. Because the state courts' actions were subject to varying interpretations, the Supreme Court remanded the case for reconsideration. Before doing so, the Court delivered this dictum (the last sentence of which is a footnote): [I]t could reasonably be said that the concurring Justices thought that the *legally competent* evidence adduced at the first trial was insufficient to prove guilt. That is, they were of the opinion that once the inadmissible hearsay evidence was discounted, there was insufficient evidence to permit the jury to convict. We express no opinion as to the double jeopardy implications of a retrial following such a holding." 437 U.S. at 26, 98 S.Ct. at 2155. Our holding in Duran's appeal was just "such a holding."

1. The applicant also asked for jail-time credit on another sentence which he is serving. The trial court already has entered a nunc pro tunc order correcting the beginning date of that sentence, and no further relief is required.

Our holding in the applicant's appeal was that, once the inadmissible stipulated evidence was discounted, there was insufficient evidence to support the conviction. This holding presents the question on which the Supreme Court expressed no opinion in *Greene:* What are the double jeopardy implications of a reversal by an appellate court of a conviction that was supported only by inadmissible evidence (in this case, a stipulation admitted into evidence without the defendant's written waiver of his rights to the appearance, confrontation, and cross-examination of witnesses and his written consent to stipulation and introduction of written statements)?

*Burks* points out that an appellate reversal on grounds of insufficient evidence will be confined to cases where it is clear that the prosecution has failed. Such a reversal means that the prosecution was given one fair opportunity to offer whatever proof it could assemble, and it presented a case so lacking that it should not have been submitted to the jury. Since a jury's verdict of acquittal is final, a holding that the evidence was insufficient should be just as final. 437 U.S. at 16–17, 98 S.Ct. 2141. In effect the appellate court's reversal merely supplies the directed verdict of acquittal which the trial court should have ordered. Does this applicant's case match the description in *Burks* of a case necessitating appellate reversal for insufficient evidence?

▪ The applicant was on ten years' probation when the alleged offense occurred. Both a motion to revoke probation and an indictment alleged that on April 3, 1975, the applicant possessed heroin. On August 21, 1975, a hearing was held on the motion to revoke probation. The State presented a chemist's testimony that the substance found in the applicant's car included heroin. We affirmed the order revoking probation. *Duran v. State,* supra. On October 22, 1975, the applicant went to trial, without a jury, on the indictment. The State's proof was substantially the same, except that the chemist did not testify. Instead, the following occurred:

"MR. URQUHART [Prosecutor]: Judge, at this time the State would offer a stipulation: That the substance contained in State's Exhibit 1 about which Officer Brumley has testified is heroin. May it be so stipulated?

"MR. GAILEY [Defense Counsel]: We have no objection to that, Your Honor. I have discussed it with the State.

"THE COURT: Do you so stipulate?

"MR. GAILEY: Yes, sir.

"THE COURT: Is that also your stipulation, Mr. Duran?

"THE DEFENDANT: Yes, sir.

"MR. URQUHART: Would like to offer into evidence as State's Exhibit 3 the chemist's laboratory report.

"MR. GAILEY: No objection. We so stipulate.

"THE COURT: State's Exhibit No. 3 is admitted.

"MR. URQUHART: We would offer into evidence State's Exhibit 1 and 2, the heroin and the envelope.

"MR. GAILEY: No objection, Your Honor.

"THE COURT: State's Exhibits 1 and 2 are also admitted.

"MR. URQUHART: Just so the record can be clear, may we stipulate that State's Exhibit 3 is the report of Peter Christian regarding his analysis of State's Exhibit 1?

"MR. GAILEY: Yes.

"MR. URQUHART: The State rests.

"THE COURT: Are you ready to proceed, Mr. Gailey? [And the defense opened its case.]"

As we have already held on appeal, the trial court erred in accepting this stipulation. The trial court should have ruled that the stipulation was improper without the defendant's written waiver and consent. But at that point it would not have been correct for the trial court to have directed a verdict of not guilty on the basis of insufficient evidence. The State had not yet rested. If the trial court had made the proper ruling, the defendant might have given his written waiver and consent. If he refused,

the State could have sought to present, by other testimony or evidence, its proof of the chemical composition of the exhibits.

This situation is different from that presented in *Burks,* in which the trial court's error was in failing to grant a motion for new trial which was based on insufficiency of the evidence. In the applicant's case, the basic error was not failure to recognize, after the State had rested, that the evidence was insufficient; it was error in admitting evidence. We think that this basic error, upon which our earlier reversal rested, was therefore trial error. Properly construed, our holding was not that the State had failed to prove its case, but that it had been permitted erroneously to prove its case through incorrect receipt of evidence. Cf. *Burks,* 437 U.S. at 15, 98 S.Ct. 2141, quoted above. A reversal for such trial error as was committed in this case is not tantamount to a holding by this Court that a directed judgment of acquittal should have been entered. It was a holding that the applicant should have a fair readjudication of his guilt free from error. For this reason, our earlier reversal was not one that would bar a re-trial because of the application of the double jeopardy clause in *Burks* and *Greene.*

We deny the relief requested in Cause 227,770 and remand the applicant to custody.