**Roy Lee COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58247.

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

---

**538**

M. Mark Lesher, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

The opinion on original submission is withdrawn, but we must allude to it in order to provide the setting for this one. In his appeal from conviction for rape of a female under the age of seventeen appellant assails admission of certain testimony and contends the evidence is insufficient to show "penetration of the female sex organ by the male sex organ,"[1] an essential element of the offense. V.T.C.A. Penal Code, § 21.01(3).

On original submission a panel of the Court found evidentiary errors and, concluding that what evidence remained is insufficient to support the conviction, set it aside and ordered an acquittal. Now, after much deliberation, we modify that disposition for all agree that the testimony of Lula Mae Williams and Carol Nowlin relating statements made by the minor complainant well after the event is hearsay that was not admissible as *res gestae*. Indeed, implicitly in its motion for rehearing the State accepts that conclusion in each instance. Clearly the hearsay is damaging and the two errors in admitting it are reversible. We need cite only *Oldham v. State*, 322 S.W.2d 616 (Tex.Cr.App.1959), for supporting authority.

Given the state of the evidence as a whole, we can confidently determine that the forbidden hearsay testimony weighed heavily in jury deliberations that reached the guilty verdict. The verdict, then, is the product of reversible trial error, and in earlier times an appellate court would not examine the record to see whether enough competent evidence remained to sustain the verdict. *Draper v. State*, 22 Tex. 400 (1858). But even applying the more modern harmless error rule, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) and *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), what testimony the jury might properly have considered is not enough to warrant our disregarding twin violations of rules of evidence that permitted testimony "to the hurt of appellant," *Cascio v. State*, 171 S.W.2d 356, 358 (Tex.Cr.App.1943). *Smith v. State*, 511 S.W.2d 296 (Tex.Cr.App.1974). There is a reasonable possibility that the hearsay

---

1. The prosecutrix, a minor of tender years, testified to nothing more explicit than on a Tuesday appellant "put something between her legs;" an examining physician opined that his physical findings, made the following Saturday, "are compatible with physical assault;" a female relative and a juvenile division detective testified to conversations each had with the prosecutrix on the day of her medical examination in which she indicated penetration by appellant.

testimony contributed to the conviction of appellant. Compare *Myre v. State*, 545 S.W.2d 820, 827 (Tex.Cr.App.1977) and *Cunningham v. State*, 500 S.W.2d 820, 824 (Tex. Cr.App.1973).

Having found error and made the determination that it is reversible, we should simply reverse the judgment of conviction and remand for a new trial if the State be so advised, without undertaking to examine appellant's contention that the evidence is insufficient to convict. What evidence? That error-tainted evidence which the jury heard and obviously considered or that which remains after the contamination is metaphysically eliminated? The former manifestly will not do and the latter becomes an exercise in the abstract—"forming conclusions for ourselves" is the way the court put it more than 120 years ago in *Draper v. State*, supra.

In pursuing such a fanciful endeavor we do an injustice to the State, for necessarily it must be assumed what could well be absolutely contrary to the case: that the prosecuting attorney mustered, assembled and laid before the jury all evidence known and available to him. We torture the rights of appellant as well, for he is entitled to have his fate decided by a jury upon competent evidence under proper instructions from the trial court. For this Court to award appellant the acquittal he desires on "insufficient" evidence without assurance that the State has exhausted its resources—and this record surely does not provide it—thwarts the quite valid public concern that the guilty be punished. Yet, to affirm his conviction on spoiled evidence serves neither the criminal justice system nor the constant effort to inform its participants of errors that must be corrected.

Moreover, we lead ourselves to the edge of, if not into, a morass of attenuation. Illustrative here is extensive discussion of the circumstantial aspects of the proof.[1] *Jackson v. State*, 493 S.W.2d 860 (Tex.Cr.

App.1973), cited approvingly by others who write in this case, was tried on the theory that the State relied on circumstantial evidence for conviction, *id.* at 862. The instant case was not tried on any such theory,[2] however, and the trial court did not instruct the jury on that basis. The record is solid ground for the footing of appellate review.

Accordingly, it is now enough for us that trial error occasioned the conviction. The State's motion for rehearing is now overruled for reasons stated herein.

ROBERTS, Judge, concurring.

Although I join the Court's opinion, I am concerned that two passages in it may be misinterpreted. The context of this case is vital to an understanding of the statement above:

> "Having found error and made the determination that it is reversible, we should simply reverse the judgment of conviction and remand for a new trial if the State be so advised, without undertaking to examine appellant's contention that the evidence is insufficient to convict."

This statement applies only to the special case of an appellant like Collins who tries to bootstrap himself into an acquittal by arguing first that a piece of evidence was admitted erroneously, and then that the erroneously admitted evidence must be discounted in considering the sufficiency of the evidence. In this context the Court's opinion may be understood to say:

> Having found error *in admitting evidence* and made the determination that it is reversible, we should simply reverse the judgment of conviction and remand for a new trial if the State be so advised, without undertaking to examine appellant's contention that the *other* evidence *which was admitted properly* is insufficient to convict.

---

1. Alas, its genesis is in the opinion of the panel of which I was a member. That neither I nor my brothers spotted the problem starkly contributes to make the point of this discourse.

2. In argument to the jury neither side alluded to that character of evidence; on appeal in its brief the State refers us to "sufficient evidence, both *direct* and circumstantial."

This holding follows from the distinction between trial error and insufficiency of evidence. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Ex parte Duran*, 581 S.W.2d 683 (Tex.Cr. App.1979). The fact that evidence was received erroneously does not mean that it was not received, and we cannot pretend that it was not received when we consider the sufficiency of the evidence.

Today's opinion does not affect our general rule that, even though we have found reversible trial error, we still must consider a claim that all the evidence (proper and improper) was insufficient. This rule is required by the different results of these errors: trial error calls for only a new trial, while insufficiency of evidence calls for a judgment of acquittal. *Swabado v. State*, 597 S.W.2d 361 (Tex.Cr.App.1980); *Rains v. State*, —— S.W.2d —— (Tex.Cr.App., No. 59107, 1980); *Watson v. State*, —— S.W.2d —— (Tex.Cr.App., No. 58062, 1979). *Accord, United States v. Meneses-Davila*, 580 F.2d 888, 896 (5th Cir. 1978). If Collins had claimed that all the evidence—including the hearsay which was improperly admitted—was insufficient, we would have considered the claim even though we had found reversible trial error.

I also am concerned by the implication in the Court's opinion that it would be "an injustice to the State" to order an acquittal when the State had not "exhausted its resources" and "mustered, assembled and laid before the jury all evidence known and available to [it]." The general principle mandated by our double jeopardy provisions is that the State acts at its peril if it fails to put on sufficient proof. We should not be understood to say that the State can unjustifiably rely on improper proof while holding back its available proper proof for the retrial which will follow appellate reversal.

In this particular case there was no unjustified choice by the State to offer inadmissible evidence rather than available admissible evidence. While it is true that the State presumably could have sought to prove penetration by eliciting testimony from the complaining witness, it is also true

that the complaining witness was only eight years old, that she testified almost entirely by nodding her head, and that she was excused from the stand in tears after brief questioning. In such delicate circumstances the State had a justification for turning to other proof. (In *Ex parte Duran*, 581 S.W.2d 683 (Tex.Cr.App.1979), the State and the defendant joined in an improper stipulation; the State's reliance was mistaken, but not unjustified.) Today's opinion should not be read to authorize another trial when there has been an unjustified failure by the State to "muster, assemble, and lay before the jury all evidence known and available."

On these bases, I concur.

PHILLIPS and DALLY, JJ., join in this opinion.