## A Juvenile vs. Commonwealth (No. 2).

Suffolk. May 6, 1980. — August 22, 1980.

Present: Hennessey, C.J., Quirico, Braucher, Kaplan, Wilkins, Liacos, & Abrams, JJ.

*Constitutional Law*, Double jeopardy. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, "Two-tier" court system.

A juvenile's constitutional right not to be twice put in jeopardy for the same offense would not be violated if he were required to stand trial de novo in the Appellate Division of a Juvenile Court on a charge as to which the admissible, nonhearsay evidence presented at the prior bench trial was not sufficient to support a finding of delinquency beyond a reasonable doubt. [383]

Discussion of the question whether a retrial of a criminal case is barred when the only evidence of proof of an element of a crime is evidence that was improperly admitted. [381-382]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 1, 1979.

The case was reported by *Abrams, J.*

*Anthony M. Doniger* for the petitioner.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

*Richard J. Hayes, William J. Leahy, Martin R. Rosenthal & Brownlow M. Speer,* for the Massachusetts Defenders Committee, amicus curiae, submitted a brief.

Wilkins, J. This is the third of three cases decided today concerning the possible application of double jeopardy principles expressed in *Burks* v. *United States,* 437 U.S. 1 (1978), to the two-tier trial system used for the disposition of criminal and juvenile cases in the District, Municipal, and Juvenile Courts in the Commonwealth.

Here, we are concerned with delinquency proceedings against a juvenile that were first heard at a bench trial in December, 1978. The juvenile was found guilty on charges

of receiving stolen goods and of possession of burglarious instruments. He claims he was entitled to judgments of acquittal in the initial hearing before the judge and, accordingly, seeks relief under the general superintendence power of this court (G. L. c. 211, § 3), asserting his constitutional right not to be placed twice in jeopardy. The case comes before us on a reservation and report by a single justice of this court. The parties have filed a stipulation of facts and certain other stipulations. Following our holding in *Gibson* v. *Commonwealth, ante* 372 (1980), we hold that the juvenile has no valid double jeopardy claim.

At the time of the trial of this case, on December 19, 1978, the old two-tier system was in effect.[1] Under that procedure, the hearing in the first instance was required to be before a judge without a jury. G. L. c. 119, § 54, as amended through St. 1973, c. 1073, § 7. A child adjudged a delinquent had the right to appeal and obtain a jury trial,[2] but he could not obtain a jury trial in the first instance. G. L. c. 119, § 56, as amended through St. 1977, c. 431, § 2.

The fifteen-year-old juvenile was arraigned in the Municipal Court of the West Roxbury District (West Roxbury Court) on two complaints alleging him to be a delinquent child by reason of receiving stolen goods (G. L. c. 266, § 60) and by reason of possession of burglarious instruments (G. L. c. 266, § 49). On December 19, 1978, the matters were heard in the judge's chambers. The proceedings were not recorded.[3] The Commonwealth was not represented by

---

[1] The system in effect today for the trial of a child complained against as a delinquent in a District or Juvenile Court is substantially the same as the two-tier system in effect for an adult complained against in a District or Municipal Court. Compare G. L. c. 119, § 55A, inserted by St. 1978, c. 478, § 56, effective January 1, 1979 (see St. 1978, c. 478, § 343), with G. L. c. 218, §§ 26A and 27A, inserted by St. 1978, c. 478, §§ 188, 189. Any double jeopardy challenge to the present two-tier system for juveniles is controlled by our decision in *Lydon* v. *Commonwealth, ante* 356 (1980).

[2] In this case, the appeal was to the Boston Juvenile Court for a trial before a jury of twelve. G. L. c. 119, § 56, as amended through St. 1977, c. 431, § 2.

[3] District Municipal Courts Rule of Civil Procedure 114 (1975) requires the electronic recordation of all "courtroom proceedings" in cases heard in

counsel. The juvenile was accompanied by his mother and by counsel. In addition to court personnel, a Boston police officer and three witnesses for the Commonwealth were present. The police officer and the three witnesses were sworn. The police officer was directed to stand and to tell what happened. The officer stated that, responding to a radio message, he went to an address in Roslindale and placed the juvenile under arrest. He found a screwdriver and a piece of coat hanger on the juvenile. When the police officer began to recite statements made to him by a Commonwealth witness, defense counsel objected on the ground of hearsay. The objection was overruled and the officer again testified to statements made by a Commonwealth witness. Defense counsel again objected. The judge inquired if the witnesses whose statements formed the basis of the officer's testimony were in the room. When the officer indicated that they were, the judge directed the officer to continue. The officer did not testify to personal knowledge of evidence tending to prove the elements of receiving stolen property, but did testify to hearsay statements which constituted the only evidence on which the issue of guilt of receiving stolen property could be based. What the entire evidence was on the charge of possession of burglarious instruments is not disclosed by the stipulation. At the conclusion of the officer's testimony, the judge asked the remaining Commonwealth witnesses, jointly, if they could corroborate the officer's testimony. They answered jointly in the affirmative. The parties have stipulated that "[t]he judge declined to take testimony from these witnesses because he felt such testimony was unnecessary." The juvenile offered no evidence. The judge found the juvenile a delinquent child on both charges, and committed him to the Department of Youth Services. The juvenile claimed a trial de novo.

After the juvenile was arraigned in the Appellate Division of the Boston Juvenile Court, his counsel moved to dismiss

a juvenile session, subject to the availability and functioning of the appropriate recording devices. We express no opinion on whether the hearing in this matter was, or should have been, a "courtroom proceeding."

the complaints, alleging that double jeopardy principles barred a second trial because there was no competent evidence of any element of the alleged offenses and the only evidence was inadmissible hearsay evidence to which there had been timely objection. The judge who heard the motion declined to dismiss the complaints but, because he concluded that there was insufficient evidence at the first trial to justify a finding of delinquency and because the juvenile was denied an opportunity to confront and cross-examine witnesses, he remanded the cases to the West Roxbury Court for a retrial. Defense counsel then filed a complaint in the single justice session of this court seeking relief under the court's general superintendence power. The single justice stayed proceedings in the West Roxbury Court pending consideration of the complaint and reserved and reported the entire case to this court.[4]

---

[4] The reservation and report states that the following is the principal question raised: "Whether the juvenile's constitutional right not to be twice put in jeopardy for the same offense would be violated if he were required to stand trial de novo in the Appellate Division of the Boston Juvenile Court on two chargẽs as to which the admissible, nonhearsay evidence presented by the Commonwealth thereon in the prior hearing in the juvenile session of the district court was not sufficient to support a finding of guilty beyond a reasonable doubt. See *Burks* v. *United States,* 437 U.S. 1 (1978)."

The parties have stipulated that the order remanding the case to the West Roxbury Court "is not a matter placed in issue by the present proceeding." We construe this statement to be an indication by the juvenile that, if his motion to dismiss was rightly denied, he favors a new proceeding in the West Roxbury Court rather than an immediate jury trial in the Appellate Division of the Boston Juvenile Court. Although the juvenile disclaims any challenge to the remand of the proceedings for a new bench trial, he cannot be conceding that those new proceedings would cure a violation of his double jeopardy rights. If double jeopardy rights are applicable to this case, they bar a rehearing in the West Roxbury Court just as they bar a jury trial in the Appellate Division of the Boston Juvenile Court.

Double jeopardy considerations aside, it seems clear that the procedure followed in the West Roxbury Court failed to afford the juvenile rights to which he was entitled. District Court Rule 205 (1976), one of several applicable to juvenile proceedings, requires that a summons issued on a complaint against a child shall have a notice attached to it which advises the juvenile, among other things, that "(4) . . . you have a right . . . to re-

As we have said, the juvenile's double jeopardy argument must fail. His situation is not significantly different from the defendant's in *Gibson* v. *Commonwealth, supra.* For the reasons stated there, a double jeopardy claim based on the principles of *Burks* v. *United States* has no validity in our former two-tier trial system.

We need not pass on the question whether the evidence at the bench trial was sufficient to warrant the findings of delinquency. We note, however, that even if a finding of delinquency or guilt is warranted solely on the basis of inadmissible hearsay, it is far from clear that a retrial would be barred. The *Burks* opinion stresses a distinction "between reversals due to trial error and those resulting from evidentiary insufficiency . . . . [I]t is important to consider carefully the respective roles of these two types of reversals in double jeopardy analysis." *Burks* v. *United States, supra* at 15. "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case." *Id.* The Court in the *Burks* case lists as one category of trial error "the incorrect receipt or rejection of evidence." *Id.* The opinion does not state whether "trial error" alone or "evidentiary insufficiency" as well is involved when the only evidence in support of proof of an element of a crime is evidence that was improperly admitted. The Supreme Court left this question open in *Greene* v. *Massey,* 437 U.S. 19, 26 n.9 (1978), a case decided the same day as the *Burks* case. We need not answer this question in order to decide this case.[5]

---

quire the complainant to prove any and all charges made against you" and "(5) You have the right to be confronted by the person making any accusation against you and to cross-examine that person and any other persons called to testify against you."

[5] Since the decision in the *Greene* case, several courts have been presented with this question. Some courts have held summarily, without any discussion of the reasons for their rulings, that a retrial is barred when evidence presented to the trier of fact was sufficient to warrant a conviction but the properly admitted evidence was not. *Matter of M.L.H.,* 399 A.2d 556, 558-559 (D.C. 1979). *State* v. *Bannister,* 60 Haw. 658, 660-661 (1979). *State* v. *Abel,* 600 P.2d 994, 999 (Utah 1979). However, a

The petition for relief under G. L. c. 211, § 3, should be dismissed.

*So ordered.*

LIACOS, J. (dissenting, with whom Abrams, J., joins). I respectfully dissent for the reasons stated in my opinion in *Lydon* v. *Commonwealth, ante* 356 (1980). The record does not make clear the grounds for the judge's decision in the Boston Juvenile Court to remand to the West Roxbury Court. The Boston Juvenile Court should be directed to rule on the sufficiency of the evidence. If the judge determines

number of courts have given careful consideration to this issue, have articulated their views in well-reasoned opinions, and have concluded that retrial is permissible in such circumstances. *United States* v. *Mandel,* 591 F.2d 1347, 1373-1374 (4th Cir. 1979). *United States* v. *Block,* 590 F.2d 535, 543 (4th Cir. 1978). *Hall* v. *State,* 244 Ga. 86, 93-94 (1979). *Irons* v. *State,* Ind. , (1979) (397 N.E.2d 603, 605-606 [Ind. 1979]). *Mulry* v. *State,* Ind. App. , (1980) (399 N.E.2d 413, 419 [Ind. App. 1980]). *State* v. *Boone,* 284 Md. 1, 15-17 (1978). *DiPasquale* v. *State,* 43 Md. App. 574, 579 n.* (1979). *Ex parte Duran,* 581 S.W.2d 683, 684-686 (Tex. Crim. 1979). *State* v. *Frazier,* W. Va. , (1979) (252 S.E.2d 39, 53 [W. Va. 1979]).

In this Commonwealth, prior to the *Burks* case, this court ordered the entry of a judgment of not guilty where a defendant was charged with possession of a narcotic drug, and we concluded that the drug had been seized in violation of the defendant's constitutional rights. *Commonwealth* v. *Silva,* 366 Mass. 402, 410-411 (1974). In that case, a new trial was not warranted, although the evidence admitted at the trial supported the conviction, because it was clear that after suppression of the evidence the Commonwealth could not possibly prove its case in a new trial.

More recently, in a case decided after the *Burks* and *Greene* decisions, this court ordered the entry of judgments of not guilty because, disregarding certain inadmissible evidence, there was no evidence on the record that the defendants had committed the crime. *Commonwealth* v. *Funches,* 379 Mass. 283, 296 (1979). We noted, citing the *Burks* and *Greene* cases, that the Commonwealth had had a fair opportunity to offer whatever proof it could assemble and that, if the inadmissible evidence had been struck, the defendants' motions for directed verdicts should have been allowed. *Id.* at 296-297. From a consideration of the evidence offered in the *Funches* case, we think it clear that the Commonwealth had no reasonable prospect of filling in the gap in its proof and thus the circumstances were, in effect, the same as in the *Silva* case, where no cure for the failure of proof could be devised at a second trial.

that the first trial involved mere trial error, retrial should not be barred. If, on the other hand, the motion judge determines that there was a failure of proof at the first hearing, any further proceedings on the same charge should be barred.