TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00602-CR







Guadalupe Casillas Caudillo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. C5-95-74, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of three counts of aggravated assault, (1) one count of
aggravated kidnapping, (2) and two counts of aggravated sexual assault. (3) The district court assessed
punishment at imprisonment for ten years for each count of aggravated assault, imprisonment for
twenty years for the aggravated kidnapping, and imprisonment for sixty years for each count of
aggravated sexual assault.

 The complaining witness with regard to four of the six counts (all but two of the
aggravated assaults) was appellant's wife. In point of error one, appellant contends her testimony
violated the spousal privilege not to be called as a witness. The relevant rule provides, however,
that the spouse may testify voluntarily for the state even over the defendant's objection. Tex. R.
Crim. Evid. 504(2)(a). Appellant argues that the district court should have told the witness on
the record that she was not required to testify, but cites no authority for this proposition. There
is no indication in the record that the witness testified involuntarily. (4) Point of error one is
overruled.

 The two aggravated sexual assault counts alleged penetration of the complainant's
female sexual organ by appellant's male sexual organ and finger. The court's charge to the jury
tracked these allegations. Appellant contends the State failed to prove penetration as alleged.

 With regard to the first allegation, the complainant testified, "He took my
underwears [sic] off and he opened his pants up and he had sex with me." When asked, "Did he
penetrate you," she answered affirmatively. With regard to the second sexual assault, the
complainant was asked, "Does he do it with his male sexual organ this time?" The complainant
answered, "No. He does it with his finger." The nurse who examined the complainant on the
night of the offenses testified that the complainant told her that the first assault consisted of "penal
[sic] penetration of the vagina" and that the second penetration was accomplished "digitally." (5) 
Viewing this testimony in the light most favorable to the verdict, a rational trier of fact could find
that appellant penetrated the complainant as alleged. See Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981) (test for legal sufficiency of evidence). Points of error two and three
are overruled.

 Appellant voiced a hearsay objection to the nurse's testimony regarding the
complainant's statements at the hospital. The objection was overruled after the prosecutor
referred the court to evidence rule 703. Tex. R. Crim. Evid. 703. We agree with appellant that
rule 703 does not create an exception to the rule against hearsay testimony. As appellant appears
to concede, however, the challenged testimony was admissible under the hearsay exception for
statements made for the purpose of medical diagnosis and treatment. Tex. R. Crim. Evid. 803(4). 
Because the district court did not err by overruling appellant's hearsay objection, we overrule
point of error four.

 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 10, 1996

Do Not Publish 

1.   Tex. Penal Code Ann. § 22.02 (West 1994).
2.   Tex. Penal Code Ann. § 20.04 (West Supp. 1996). The 1995 amendments to section
20.04 are irrelevant to this cause.
3.   Tex. Penal Code Ann. § 22.021 (West 1994 & Supp. 1996). The 1995 amendments to
section 22.021 are irrelevant to this cause.
4.   Appellant was tried before the effective date of the statute creating an exception to the
spousal privilege in cases in which the defendant is accused of a crime committed against the
spouse. Tex. Code Crim. Proc. Ann. art. 38.10 (West Supp. 1996).
5.   In point of error four, appellant contends the nurse's testimony was inadmissible
hearsay. We will overrule this contention, but we would consider the nurse's testimony in
determining the sufficiency of the evidence even if appellant's contention were correct. 
Collins v. State, 602 S.W.2d 537 (Tex. Crim. App. 1980).


> (3) The district court assessed
punishment at imprisonment for ten years for each count of aggravated assault, imprisonment for
twenty years for the aggravated kidnapping, and imprisonment for sixty years for each count of
aggravated sexual assault.

 The complaining witness with regard to four of the six counts (all but two of the
aggravated assaults) was appellant's wife. In point of error one, appellant contends her testimony
violated the spousal privilege not to be called as a witness. The relevant rule provides, however,
that the spouse may testify voluntarily for the state even over the defendant's objection. Tex. R.
Crim. Evid. 504(2)(a). Appellant argues that the district court should have told the witness on
the record that she was not required to testify, but cites no authority for this proposition. There
is no indication in the record that the witness testified involuntarily. (4) Point of error one is
overruled.

 The two aggravated sexual assault counts alleged penetration of the complainant's
female sexual organ by appellant's male sexual organ and finger. The court's charge to the jury
tracked these allegations. Appellant contends the State failed to prove penetration as alleged.

 With regard to the first allegation, the complainant testified, "He took my
underwears [sic] off and he opened his pants up and he had sex with me." When asked, "Did he
penetrate you," she answered affirmatively. With regard to the second sexual assault, the
complainant was asked, "Does he do it with his male sexual organ this time?" The complainant
answered, "No. He does it with his finger." The nurse who examined the complainant on the
night of the offenses testified that the complainant told her that the first assault consisted of "penal
[sic] penetration of the vagina" and that the second penetration was accomplished "digitally." (5) 
Viewing this testimony in the light most favorable to the verdict, a rational trier of fact could find
that appellant penetrated the complainant as alleged. See Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981) (test for legal sufficiency of evidence). Points of error two and three
are overruled.

 Appellant voiced a hearsay objection to the nurse's testimony regarding the
complainant's statements at the hospital. The objection was overruled after the prosecutor
referred the court to evidence rule 703. Tex. R. Crim. Evid. 703. We agree with appellant that
rule 703 does not create an exception to the rule against hearsay testimony. As appellant appears
to co