COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-079-CR

 

 

LESTER EMMETT MESHACK                                                 APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------       

I.  Introduction

Appellant Lester Emmett
Meshack appeals his conviction for theft of $1,500 to $20,000.  In one point, he argues that the trial court
erred by allowing a co-defendant, who had already pleaded guilty to the
offense, to make a blanket assertion of the Fifth Amendment privilege against
self-incrimination.  We will affirm.








II.  Factual Background

On May 17, 2004, as Ryan
Riekels monitored the cameras in Neiman-Marcus=s loss prevention department, he saw two individuals walk into the
store, and one of the individuals was carrying a large Bed Bath and Beyond
shopping bag.  Riekels described the two
individuals as African-American males of medium build, one of whom was wearing
white pants and a khaki t-shirt and the other of whom was wearing a floral
print khaki t-shirt and brown dress pants. 


As soon as the men entered
the store, they went immediately into the men=s suit department and started nervously looking at suits.  The individual in the floral print shirt, who
was later identified as Meshack, selected a suit and passed it to the other
individual, who was later identified as Paul Mitchell. Mitchell rolled up the
suit and put it into the bag he was carrying. 
Meshack performed Ablocking@ to keep Mitchell out of the camera=s view.  Meshack then handed
Mitchell a second suit.  Meshack and
Mitchell thereafter left the store with Mitchell carrying the large Bed Bath
and Beyond bag that he had brought in with him. 
Neither Meshack nor Mitchell paid for the suits that were placed in the
bag. 








Ricardo Resendez, the loss
prevention manager, identified himself as ANeiman-Marcus loss prevention@ and handcuffed Meshack. 
Riekels also identified himself as ANeiman-Marcus loss prevention,@ and Mitchell went back inside the store and dumped three suits[2]
out of the bag before attempting to flee. 
Riekels stopped Mitchell and restrained him after he became
combative.  Both Resendez and Riekels
testified that the bag that Mitchell had been carrying was lined with duct tape
and metal or foil to defeat sensor-tagging devices.

During the trial, the State
played a DVD containing footage from the Neiman-Marcus security cameras that
recorded the theft, and Riekels narrated for the jury what was happening.  At the conclusion of the trial, the jury
found Meshack guilty, and the trial court sentenced him to six years= confinement.  This appeal
followed.

III.  Harmless Error

In his sole point, Meshack
argues that the trial court erred by allowing defense witness Mitchell to make
a blanket assertion of his Fifth Amendment privilege against self-incrimination
to avoid testifying when he was no longer in legal jeopardy for the offense
about which he was being called. 
Specifically, Meshack argues that Mitchell had clearly indicated that he
had pleaded guilty to the theft offense and was therefore no longer in legal
jeopardy for that charge. 








It is an undisputed rule of
law that a defendant has a right to call a co-defendant as a witness.  Washington v. Texas, 388 U.S. 14, 23,
87 S. Ct. 1920, 1925 (1967); Cunningham v. State, 500 S.W.2d 820, 823
(Tex. Crim. App. 1973).  This right is
not absolute, however.  Palomo v.
State, 925 S.W.2d 329, 334 (Tex. App.CCorpus Christi 1996, no pet.). 
If a potential defense witness has a Fifth Amendment privilege against
self-incrimination, that privilege overrides a defendant=s right to compel testimony.  Bridge
v. State, 726 S.W.2d 558, 567 (Tex. Crim. App. 1986).  Moreover, when a co-defendant has pleaded
guilty and has been sentenced in connection with the offense, he may still
properly invoke his Fifth Amendment privilege against self-incrimination
because if his testimony contradicts any previous judicial admissions, he could
be subject to the charge of perjury.  Palomo,
925 S.W.2d at 334.

Assuming Meshack=s argumentCthat the
trial court abused its discretion by excluding Mitchell=s testimonyCis correct,
any such error is constitutional, and we apply rule 44.2(a) to determine
whether the trial court=s error in
allowing Mitchell to assert his Fifth Amendment privilege against
self-incrimination was harmless beyond a reasonable doubt.  See Tex. R. App. P. 44.2(a); Dumas
v. State, 812 S.W.2d 611, 614 (Tex. App.CDallas 1991, pet. ref=d) (applying rule 81(b)(2)).








Our harmless error analysis
should not focus on the propriety of the outcome of the trial; instead, we
should calculate as much as possible the probable impact on the jury in light
of the existence of other evidence.  Wesbrook
v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).  We consider the
source and nature of the error, the extent that it was emphasized by the State,
its probable collateral implications, the weight a juror would probably place
on the error, and whether declaring it harmless would be likely to encourage
the State to repeat it with impunity.  Harris
v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the entire
record in a neutral, impartial, and even-handed manner, not Ain the light most favorable to the prosecution.@  Id. at 586.








Here, as Riekels narrated,
the jury watched footage from the Neiman-Marcus hidden cameras that captured
Meshack=s and Mitchell=s entry into
the store and their movements within the store. 
The jury watched as Meshack selected two suits and gave them to
Mitchell.  As Mitchell then rolled up the
suits and placed them in a large shopping bag that had been specially equipped
to defeat sensor-tagging devices, Meshack acted as a blocker to hide Mitchell=s actions.  Because the jury saw
footage of Meshack selecting the suits that were stolen and acting as a
blocker, it is highly unlikely that Mitchell=s testimony could have persuaded them that Meshack played no role in
the theft.  Thus, after carefully
reviewing the record and performing the required harm analysis under rule
44.2(a), we hold beyond a reasonable doubt that any trial court error in permitting
Mitchell to invoke his Fifth Amendment rights did not contribute to Meshack=s conviction or punishment.  See
Tex. R. App. P. 44.2(a); Decker v. State, 734 S.W.2d 393, 395B96 (Tex. App.CHouston [1st
Dist.] 1987, pet. ref=d) (holding
that trial court=s error in
excluding testimony of appellant=s wife was harmless because evidence of appellant=s marital relationship was placed before the jury by his own
testimony).  We therefore overrule
Meshack=s sole point.

IV.  Conclusion

Having overruled Meshack=s sole point, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 6, 2008











[1]See Tex.
R. App. P. 47.4.





[2]The
record does not specify who selected the third suit and placed it into the bag.