Leslie William WAGONER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56258.

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Van Ballew, Dallas, for appellant.

Henry M. Wade, Dist. Atty., and Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the unlawful possession of amphetamine, a dangerous drug. The punishment assessed is imprisonment for 2 years. The State alleged that the appellant had had a prior conviction for a like offense, possession of barbiturates. The Dangerous Drug Act, Art. 726d, V.A.P.C. 1925, in effect at the time of the alleged commission of this offense, provided that a second or subsequent violation was a felony offense punishable by imprisonment for not less than 2 nor more than 10 years.

The offense was alleged to have been committed on October 30, 1969, and the trial was on October 29, 1971. After the record was completed and the briefs were filed in the trial court, the court, on January 8, 1973, ordered that the record be promptly transmitted to the Court of Criminal Appeals. The record inexplicably was not received by nor filed with the Clerk of the Court of Criminal Appeals until September 20, 1977.

The appellant asserts that there is insufficient evidence to support the judgment. We agree and reverse the judgment.

The appellant waived a jury trial and entered a plea of not guilty before the court. The only evidence before the court was that heard by the court on the appellant's pretrial motion to suppress evidence. The evidence elicited during the hearing on the motion to suppress was admitted by stipulation between the State and the appellant and his counsel. The State rested and closed without offering any other evidence. The State in its brief says:

"The State concedes that the prosecutor had and should have presented, or stipulated that the State would have presented, two bottles taken from defendant, which bottles were marked as containing 'benzedrina'; the laboratory report showing that analysis of the contents of the bottles showed both contained amphetamine sulfate (trade name: benzedrine), which is a dangerous drug under Texas law; that Drs. Anderson and Mason of the Dallas City-County Criminal Investigating Laboratory were prepared to testify concerning their analysis; and the 'prison packets' and court records which prove that Appellant had been twice before convicted for possession of heroin and for possession of barbiturates. The prosecutor had this evidence in his file and could have, but did not, stipulate the evidence in accordance with Appellant's Agreement to Stipulate Evidence."

After this candid concession the State still urges:

"But there was presented at the hearing on Appellant's Motion to Suppress Evidence sufficient evidence to support the trial judge's finding. There was the testimony of Officer Wise that when Officer Wise and his partner approached Appellant in the cafe, identified themselves as police officers, and told Appellant that he was under arrest for violation of the dangerous drug law that Appellant immediately stood up and, facing the officers, put his hands behind his back. Further, the officers had to struggle with Appellant in the cafe and outside the cafe before they could get Appellant's hands from behind his back and when finally opened each hand contained a bottle of tablets labeled in Spanish as 'Benzedrina.' Certainly Appellant's conduct when arrested showed a consciousness of guilt and a probability, beyond a reasonable doubt, that the bottles contained the drug for which they were labeled. Although not as strong a case as the prosecutor could have made had he remembered to use all the evidence in his file still there was sufficient evidence to uphold the conviction."

Art. 1.15, V.A.C.C.P. requires that when a plea is entered before the court it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and in no event shall a person be convicted without sufficient evidence to support the plea. There is no evidence that the tablets in the bottles found in the appellant's possession were amphetamine, and there is no evidence to support the allegation that the appellant had a prior conviction for a like offense. Without proof of the prior conviction, the punishment for the felony offense which was assessed was unauthorized.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.