Betsy Yvette **GREEN**, Appellant,

v.

**STATE of Texas**, Appellee.

No. C14–83–063CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1984.

Charles Medlin, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appellant, Betsy Yvette Green, appeals from a judgment of conviction for the offense of illegal manufacturing of a controlled substance, namely, methamphetamine. After a non-jury trial, the Court found appellant guilty and assessed punishment at ten (10) years in the Texas Department of Corrections probated for ten (10) years and a fine of two thousand ($2,000.00) dollars. The proof essential to support the verdict was obtained and developed after entry, without warrant or permission, into appellant's apartment. We reverse.

On September 15, 1981, at approximately 4:00 a.m., members of the Houston Fire Department were sent to the Turtle Creek Apartments in Houston to investigate a reported gas leak. Residents of the complex had complained of an ether smell. The firemen left the scene not having discovered the source of the ether smell after determining there was no emergency. Later that morning Houston Police officers were sent to the Turtle Creek complex. The police determined from where the smell was originating. After some discussion, and without consent, they entered Apartment 69. After ventilating the apartment, the police discovered a methamphetamine laboratory, arrested appellant and then obtained a search warrant.

■ Appellant asserts six grounds of error. We need not consider all of appellant's grounds of error since it is clear that the written stipulation entered does not comply with the requirements of TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977) which requires that the trial judge, consent to and approve in writing, any stipulation of evidence. Art. 1.15 V.A. C.C.P. provides:

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witness ... Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Compliance with the statute is mandatory in order for the stipulation to be considered as evidence. In *Young v. State*, 648 S.W.2d 6 (Tex.Cr.App., 1983) the court noted that the trial judge did not consent to or approve the stipulation by his signature. The court of criminal appeals held that "[t]he failure of the court to comply with the requirements of Article 1.15 V.A.C.C.P. requires the reversal of the judgment." Id. at pg. 7. Since the stipulation was not signed by the trial judge at the time it was introduced, it cannot be considered as evidence and the judgment must be reversed. Article 1.15, V.A.C.C.P. expresses its purpose clearly. It is not the function of this court to set aside the intent of the legislature and by our opinion redraft the statute.

Independent of the invalid stipulation, the appellant argues in his first ground of error, that the trial court erred in admitting into evidence the fruits of a warrantless entry. We will address this additional ground in the event of a retrial of this case.

Police Officer Shirley knocked on appellant's apartment door for several minutes before it was opened. The police proceeded inside the apartment and began opening the windows and doors. The police then noticed the drug paraphernalia around the apartment. The evidence does not show the appellant gave consent for the officers to enter her apartment. No waiver of constitutional immunity could be inferred from the singular act of appellant's opening her front door. *Janicek v. State*, 634 S.W.2d 687 (Tex.Cr.App.1982). The State argues that the search was proper under the emergency doctrine.

The emergency doctrine, an exception to the constitutional prohibition of searches by police without a warrant, was articulated in *McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948):

> We cannot ... excuse the absence of a search warrant without a showing ... that the exigencies of the situation make that course imperative.

Supra at page 193.

■ The burden is on the State to show that a warrantless entry falls within the emergency doctrine. *Bray v. State*, 597 S.W.2d 763 (Tex.Cr.App.1980). An objective standard as to the reasonableness of the police officer's belief must be applied. *Root v. Gauper*, 438 F.2d 361 (8th Cir. 1971). The question the court faces is whether the circumstances in the record triggered its operation.

■ Evidence in the record would suggest that the officer did not in fact believe that an emergency existed at the time of entry. Officer Shirley testified that upon reaching the scene of the complaint that he immediately recognized the smell of ether and formed the opinion that there was a methaphetamine lab operating inside the apartment. Officer Shirley was aware of the possibility of either exploding in a closely contained area. However, upon locating the source of the ether smell, he telephoned the Houston Fire Department to discuss the circumstances of the situation. Later the officer went and knocked on appellant's door. He waited for someone to answer and eventually someone did. The occupants of adjoining apartments were not notified to vacate because of possible danger. Security guards who were present were not asked for a pass key so that the police could enter appellant's apartment. Such actions were not consistent with that of someone who believes an emergency situation exists. The evidence

indicates that before entry, Officer Shirley believed that there was probably a methaphetamine lab operating inside appellant's apartment. We note the fact that the report of the ether was made to the fire department and not to the police. The fireman had been called to the Turtle Creek Apartments to investigate a reported gas leak. They determined that there was no emergency and left the scene. The fire department personnel told the complainant to call the police department, not because the police were needed to help with any gas emergency, but if he wished to pursue the matter further and lodge a complaint. The fireman, who testified, noted the difference between his purpose and that of the police in these circumstances.

A warrantless search is justified by a need to act immediately to preserve or protect a life or to prevent serious bodily injury. A warrantless search is also justified by the need to prevent the imminent destruction, removal or concealment of property intended to be seized. Each case must be considered on its facts. The facts here suggest that exigent circumstances did not exist to justify entering the house. Where entry is justified, it must be on a basis other than a contrived emergency. Upon the record, we conclude that the State has failed to meet its burden of proof showing that the warrantless entry was justified. We are not altering the doctrine where the police can lawfully enter a home without a warrant in response to a cry for help, or to prevent injury or where a police officer who is on the scene of an emergency first has the duty and the obligation to come to the aid of a person in real or possible danger. The existence of circumstances in which an unnatural death may have occurred can constitute an emergency permitting entry into a home. The facts here are not sufficient to warrant such a conclusion. Because the subsequent search warrant was tainted by the illegal entry, the information obtained was not admissible.

Judgment is reversed and cause remanded.