**Catarino Orozco CAMACHO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Felimon Benitez IBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–96–322–CR, 13–96–323–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 20, 1997.

---

2. *See* TEX. PEN.CODE ANN. § 6.04(b)(1).

Glen A. Barnard, Harlingen, Larry Warner, Brownsville, for appellant.

Gustavo Ch. Garza, Raymondville, for state.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

YANEZ, Justice.

In a trial to the court, Felimon Benitez Ibarra and Catarino Orozco Camacho were convicted of possession of more than fifty but less than two thousand pounds of marihuana, a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (Vernon Supp.1997). The court sentenced each appellant to five years in the Texas Department of Criminal Justice, Institutional Division. By four points of error, appellants

challenge the legal and factual sufficiency of the evidence and the court's denial of their motion to suppress. We reverse and remand.

On July 5, 1995, appellants were arrested for the drug possession offenses pursuant to information provided to Cameron County law enforcement officers by two confidential informants. On January 15, 1996, the court heard and overruled appellants' motion to suppress evidence. Following the court's ruling on the motion, counsel for appellants, the court, and the attorney for the State discussed how to stipulate to evidence for trial purposes, based on the testimony at the hearing of the motion to suppress. An illustrative excerpt from this discussion follows:

THE COURT: All right. So we, I have ruled—overruled the Motion to Suppress in each of the two cases. Now, where do we go from here?

MR. BARNARD [counsel for appellants]: Well, at this point, Your Honor, the Court has to determine whether or not to find one or more of the defendants guilty.

THE COURT: Well, I mean, we've just had a suppression hearing.

MR. BARNARD: We had agreed that the Motion to Suppress would be [the] disposition of the case.

THE COURT: Well, you may have done that, but the only way you can get to that point is if you go ahead and enter a plea of either guilty or no contest or whatever, and we can—or you can stipulate that that is the testimony that I would have heard, and in addition, I would have heard testimony that this happened in Willacy County and it was marijuana and it was four hundred pounds or four hundred and whatever pounds.

MR. BARNARD: All right.

THE COURT: I don't know if there was anything else, I wasn't listening for it as if, what do you want, do you want to have basically a bench trial with a—consider this evidence as the evidence in the case?

MR. BARNARD: The court can consider all of this, we don't want to go into this evidence, we have agreed to the chain of custody, the chain of evidence.

* * *

MR. BARNARD: And we have also agreed that it was in fact marijuana, we don't particularly dispute the weight.

THE COURT: Well, if you want to—if you want me to do a bench trial, we have to get them to waive a jury. Obviously they are entitled to a jury trial.

MR. BARNARD: I believe we have already waived that.

MR. BLALOCK [attorney for the State]: They have waived that. Judge Garza went through it with them on two occasions.

Following such stipulations as to evidence on the various elements of the charged offenses, the court inquired whether appellants understood the charges against them. Appellants replied that they did, and the court requested pleas on the charges. Both appellants pleaded "not guilty." Both appellants then testified as to events surrounding their arrest. Upon conclusion of this testimony, the court declared that it found the evidence sufficient to show each appellant guilty but declined to make a finding at the time. It ordered their bonds be kept the same, a presentence investigation, and punishment to be set for a later date. The court rendered judgment on April 24, 1996.

By their first point of error, appellants claim there was legally insufficient evidence that the substance appellants allegedly possessed was marihuana, because the solely oral stipulation of evidence as to this element was inadmissible. The State did not file a brief or request oral argument on appeal.

In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126, 128 (Tex.Crim.App.1996). Consistent with the health and safety code, the indictment against appellants charged that on or about July 5, 1995, in Willacy County, Texas, appellants "did then and there unlawfully, inten-

tionally and knowingly possess a usable quantity of marijuana in an amount more than 50 pounds but less than 2000 pounds." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5).

▊ Article 1.15 of the Texas Code of Criminal Procedure provides:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded unless the defendant, upon entering a plea, has in open court in person waived the right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1997). This statute is mandatory and must be followed in order for a stipulation to be considered evidence where the plea is before the court, including pleas of not guilty where a jury trial has been waived. *Messer v. State,* 729 S.W.2d 694, 698 (Tex.Crim.App. 1986) (opinion on State's motion for rehearing). Contrary to appellants' suggestion, however, a stipulation may be oral under article 1.15; the statute requires only that a defendant's waiver and consent to stipulate evidence be signed and approved by the trial court. *Landers v. State,* 720 S.W.2d 538, 540 (Tex.Crim.App.1986); *Messer,* 729 S.W.2d at 698; *Leal v. State,* 736 S.W.2d 907, 911 (Tex. App.—Corpus Christi 1987, pet. dism'd); *see also Landers,* 720 S.W.2d at 540 n. 3 (disap-

proving of several "loose language" holdings from various appellate courts that the stipulation themselves must be signed); *Messer,* 729 S.W.2d at 698 n. 1. Where there is no consent to stipulate signed and approved by the court, there has been an error in the admission of evidence, *i.e.,* a trial error, and the error should be treated as such. *Messer,* 729 S.W.2d at 700 (relying on *Ex parte Duran,* 581 S.W.2d 683, 686 (Tex.Crim.App. 1979)); *see also Burks v. United States,* 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978).

▊ The record in the instant case reflects that no written waiver and consent to stipulate ever was produced for appellants or signed by any party, including the court. Appellants' consent to stipulate reflected in the record was entirely oral. We hold, therefore, that the various stipulations should not have been admitted at trial. Because all of the State's evidence against appellants, including testimony as to the character of the controlled substance they allegedly possessed, was offered by way of oral stipulation without any written consent to stipulate evidence approved by the trial court, appellants were, beyond a reasonable doubt, harmed by the improper admission of the orally stipulated evidence. Point of error one is sustained as a challenge to admission of evidence, *not* the legal sufficiency of the evidence. *Cf. Messer,* 729 S.W.2d at 700.

Because no evidence against appellants was properly admitted, we may not reach appellants' subsequent points of error, which assume the proper admission of evidence; instead, we must reverse the judgments of the trial court and remand these causes to the trial court for new trial. *Cf. Messer,* 729 S.W.2d at 700; *Duran,* 581 S.W.2d at 685–86 (holding that double jeopardy is not implicated by the reversal and remand of a trial court conviction based solely on improperly admitted evidence).

The judgment of trial court is reversed and the causes are remanded.