NUMBER 13-98-269-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CYNTHIA BARFIELD, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Yañez and

Chavez


Opinion by Justice Yañez



 Cynthia Barfield, as part of a plea bargain, pled guilty to forgery in
February of 1990, and was placed on probation for nine years. Barfield
signed a written waiver and consent to stipulation of testimony, waiver
of jury, and plea of guilty to the testimony, which was also signed by
her attorney and the prosecuting attorney. This stipulation, however,
was not signed by the trial judge. In May of 1995, the State filed a
motion to revoke Barfield's probation, alleging that she had failed to
report as required by the terms of her probation. On October 1, 1997,
the State filed an amended motion to revoke community supervision,
alleging that Barfield had committed the offenses of forgery and
stealing in Cole County, Missouri, failed to pay fees required by the
terms of her probation, and had failed to report to her probation officer
for fifty-one separate months from March 1991, through May 1995. On
October 8, 1997, following a hearing, the trial judge revoked Barfield's
probation and sentenced her to seven years in the Texas Department of
Criminal Justice, Institutional Division. The trial court issued findings
that Barfield's probation was revoked because of her failure to report
and her commission of the crime of forgery in Missouri. We affirm.

 Barfield's first issue challenges her original conviction. The general
rule is that the validity of an original conviction cannot be challenged on
appeal from a revocation order. Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990)(citing Burrel v. State, 492 S.W.2d 482 (Tex.
Crim. App. 1973); see also Manuel v. State, 994 S.W.2d 658, 661 (Tex.
Crim. App. 1999)(noting general rule applicable in regular supervision
and applying it in the context of deferred adjudication)). The original
conviction can be challenged, however, if there was fundamental error
committed in obtaining the original conviction. Dinnery v. State, 592
S.W.2d 343, 350 (Tex. Crim. App. [Panel Op.] 1980). 

 Barfield argues that the error of the trial judge in not signing her
stipulation to the evidence in her original trial requires that the original
conviction be overturned and the cause be remanded for a new trial. 
See Tex. Crim. Proc. Code Ann. art. 1.15 (Vernon Supp. 2000). The
failure of a trial judge to sign a stipulation to the evidence is trial error,
not a fundamental error. McClain v. State, 730 S.W.2d 739, 743 (Tex.
Crim. App. 1987); Camacho v. State, 968 S.W.2d 388, 391 (Tex. App.--Corpus Christi 1997, no pet.). Because the failure of the judge to sign
the stipulations is not fundamental error, it cannot be raised to attack
the original conviction on appeal of a revocation order. See Whetstone,
786 S.W.2d at 363; Burns v. State, 832 S.W.2d 695, 696 (Tex. App.--Corpus Christi 1992, no pet.). We overrule issue number one.

 In her second issue on appeal, Barfield argues that the trial court
erred in not quashing the motion to revoke. Barfield contends that the
motion to revoke probation was not specific as to what months she had
failed to pay the fees required by the terms of her probation. According
to Barfield, the lack of specificity prevented her from formulating a
defense to the allegations of non-payment. The test in determining
whether reversible error has occurred when denying a motion to quash
a motion to revoke probation is the same test used to determine if an
indictment is sufficient:

we must first decide whether the motion to revoke lacked
some requisite item of notice, and if so, we next decide
whether in the context of the case this had an impact on the
defendant's ability to prepare a defense, and finally, the
extent of any such impact. In making these determinations,
the entire record may be reviewed for prejudice to the
defendant's substantial rights.


Labelle v. State, 720 S.W.2d 101, 108 (Tex. Crim. App. 1986). The trial
court's findings in the instant case show that Barfield's probation was
revoked for failure to report and the commission of the crime of forgery. 
The court did not revoke probation because of any failure to pay the
required fees. Even were Barfield completely unable to defend against
the allegation that she failed to pay her fees, there was no prejudice to
her. Issue number two is overruled.

 In her third issue, Barfield argues that the trial court erred in
revoking her probation because there was no evidence to support a
finding that she failed to report. This Court has discussed the power of
the trial court in dealing with revocation of probation, stating that the
decision to revoke probation:

rests within the discretion of the trial court. A single violation of
a probation condition is sufficient to support the trial court's
decision to revoke probation. The burden of proof in a probation
revocation is measured by a preponderance of the evidence. 
Appellate review of evidence presented at a revocation hearing is
in the light most favorable to the trial court's decision.


Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.--Corpus Christi 1997,
no pet.)(citations omitted).

 The State produced as a witness Plutarco Loredo, the community
supervision officer to whom Barfield was assigned. On direct
examination and again on cross-examination, Loredo stated that he had
never met Barfield and that she had never reported to his office. The
terms of Barfield's probation required monthly reports. With Loredo's
testimony, the State met its burden to show that Barfield violated the
monthly reporting condition of her probation. Therefore, the trial court
did not abuse its discretion in revoking Barfield's probation. Point of
error number three is overruled.


 Because a preponderance of the evidence shows that Barfield
violated her reporting requirement, the trial court was within its
discretion when it ordered Barfield's probation revoked. Therefore, it is
unnecessary for us to consider Barfield's remaining issues. Tex. R. App.
P. 47.1.

 The judgment of the trial court is AFFIRMED.



 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 15th day of June, 2000.